IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN M. CARTER,

Plaintiff,

vs.

MIKE FOLEY, individually and in his official capacity as Nebraska State Auditor; JAMES PILLEN, individually and in his official capacity as Nebraska Governor; CONNIE EDMOND, CLARICE JACKSON, MALINDA WILLIAMS, Director Omaha 100; QUENTIN BROWN, Executive Director of Educare of Lincoln; GLENN FREEMAN, DEMOINE ADAMS, Executive Director of Teammates; CANDACE REID, DOROTHY JOHNSON, TONI CLARKE, Executive Director of Assure Women's Center; TIM CLARK, Commission Chair; VERNON J., ALLISON SMITH, KETV Omaha (Hearst Communication); DONNA COOK, SHANTEL TRAMP, ROBERT EVANS, Individually and in his official capacity as Mayor of the City of Crofton; HILTON H. HOWELLJR., CEO Gray Media, Inc. (KOLN TV- Lincoln); CHARLIE GRISHAM, of E.W. Scripps Company (KMTV News Now-Omaha); DOES 1-10 INCLUSIVE, and TREVON BROOKS,

Defendants.

**8:25CV519**

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's Amended Complaint, Filing No. 6, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court finds summary dismissal of the Amended Complaint is appropriate. However, in lieu of dismissal of the Amended Complaint in its entirety, the Court will grant Plaintiff leave to

file a Second Amended Complaint in accordance with the terms in this Memorandum and Order.

## I. BACKGROUND

Plaintiff, John M. Carter, is an African/Native American who lived in Benkelman, Dundy County, Nebraska during the events alleged in his Amended Complaint. Filing No. 7 at 2. On November 18, 2023, Carter was appointed the Interim Director of the Nebraska Commission on African American Affairs for a period not to exceed one year. *Id.* at 5. He alleges that Defendants, other commission members, various state officials, private citizens, and members of the media, engaged in a conspiracy to discredit him, questioned the manner by which he was selected as interim director, and attempted to have him removed. *See generally id.* Carter focuses heavily on defendant Mike Foley, the Nebraska State Auditor, whom he alleges also engaged in a campaign to have him removed as the Chief of Police for the city of Crofton in 2022 to 2023 and continued to hold a grudge against Carter once he assumed his role on the Commission.

Carter filed a Complaint on August 26, 2025. Filing No. 1. He subsequently filed an Amended Complaint on February 17, 2026. Filing No. 7. The Court construes the Amended Complaint as the operative pleading in this case and for purposes of this initial review. In his Amended Complaint, Carter asserts seven causes of action: slander/defamation (conspiracy); conspiracy against rights (18 U.S.C. § 241); racial discrimination under color of law and related economic harm (42 U.S.C. § 1983); abuse of process and malicious prosecution; violation of federally protected activities (18 U.S.C. § 245); interference with economic opportunity; and fraud in the inducement. *See* Filing

No. 7. He seeks injunctive relief, a declaratory judgment, and money damages. *Id.* at 27–28.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Federal Question Jurisdiction

Carter asserts the Court has federal-question jurisdiction over his case. Filing No. 7 at 4; 28 U.S.C. § 1331. The Court agrees there does not appear to be any basis for diversity jurisdiction, and thus the Court may only assume jurisdiction over the case if Carter's Amended Complaint states a claim under the laws or Constitution of the United States. His Amended Complaint asserts three potential federal causes of action that could confer jurisdiction: Conspiracy against rights under 18 U.S.C. § 241, violation of federally protected activities under 18 U.S.C. § 245, and racial discrimination under color of law and economic harm under 42 U.S.C. § 1983. *See* Filing No. 7. Carter's remaining claims are state-law causes of action which the Court can only assert supplemental jurisdiction over alongside a properly pled federal cause of action over which it has original jurisdiction. 28 U.S.C. § 1367. Accordingly, the Court first addresses the validity of Carter's three federal causes of action.

Carter's federal statutory claims fail. Both 18 U.S.C. § 241 and 18 U.S.C. § 245 are criminal statutes which do not provide a private civil cause of action. *See McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (7th Cir. 2015) ("McGee's claims are frivolous. He does not state claims under [18 U.S.C.] § 241 or § 1341; both provisions are federal criminal statutes that do not provide a private right of action."); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) ("This federal criminal statute, 18 U.S.C. § 245, which permits federal prosecution for interference with a list of federally protected activities, confers neither substantive rights nor a private right of action for damages."). Accordingly, these claims must be dismissed.

Carter's third federal claim is a civil action for deprivation of rights under 42 U.S.C. § 1983. That statute provides, "Every person who, under color of [law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Carter's § 1983 claim is premised on his allegation that "Defendants intentionally subjected Plaintiff, an African/Native American, to discriminatory treatment based on his race, in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment." Filing No. 7 at 20. He claims he suffered a "scheme of racial discrimination" when Defendants induced him to leave his job and accept the interim director position under false pretenses, terminated him shortly thereafter, subjected him to disparate treatment, undermined his professional standing, created a pretext to terminate him, discouraged others from hiring him, and slandered him.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

> The Equal Protection Clause generally requires the government to treat similarly situated people alike. Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that []he was treated differently than others who were similarly situated to h[im]. Absent a threshold showing that []he is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim.

*In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018) (internal quotation marks and citations omitted).

An equal protection violation also requires "an intent to discriminate." *Id.* at 910; *see also* *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) ("In the absence of any

allegations of intentional discrimination, we therefore concluded the Equal Protection Clause did not provide a ground for relief for appellant's section 1983 race discrimination claim."); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (unequal treatment of persons entitled to be treated alike is not denial of equal protection unless intentional or purposeful discrimination is shown).

Carter has failed to plead facts to support that he was treated differently than other similarly situated individuals or that Defendants acted with an intend to discriminate. He alleges, "Plaintiff was treated differently from similarly situated individuals of other races, confirming the intentional and discriminatory nature of Defendants' conduct." Filing No. 7 at 21. But this merely restates the legal standard without providing any supporting facts or contextual details that explain *how* Defendants have treated him differently. Carter does not reference any similarly situated individuals, nor does he plead any facts that would demonstrate Defendants' racial animus. "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (internal quotations omitted). Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Carter's threadbare recitations of the standard for an equal protection cause of action are supported by mere conclusory statements and are therefore insufficient to state a plausible § 1983 claim.

**B. Remaining Claims**

The Court concludes Carter's Amended Complaint must be dismissed for lack of jurisdiction because he has failed to plead a viable federal cause of action. However, the Court will sua sponte give Carter leave to file a Second Amended Complaint. Accordingly, it also notes another issue that could result in dismissal of Carter's claims should it not be properly remedied. Carter fails to specify which of the numerous Defendants are implicated in which of the various cause of action, and to support such allegations with factual assertions. For example, several of the named Defendants appear only in the case caption and "parties" section; there are no supporting facts to support any legal cause of action against them. Were it not already dismissing the Amended Complaint in its entirety, the Court would be required to dismiss these Defendants due to the dearth of allegations against them.

Likewise, for several causes of action, Carter alleges "all Defendants" are liable, but fails to set forth which actions each Defendant undertook that would subject them to liability on that particular count. "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012). This is of particular importance in a case like the one at hand with numerous Defendants named. Plaintiff is advised that should he choose to file a Second Amended Complaint, he should remedy these issues or risk summary dismissal on these grounds.

## IV. CONCLUSION

The Court lacks jurisdiction over Plaintiff's Amended Complaint because he fails to state a federal claim upon which relief can be granted for the reasons set forth herein. However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file a Second Amended Complaint that states a plausible claim for relief against specific named defendants. Plaintiff must concisely summarize the relevant allegations in one document. Plaintiff is warned that any Second Amended Complaint will replace his Complaint, Amended Complaint, and all previously filed supplements, letters, and motions. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect."). If Plaintiff fails to file a Second Amended Complaint in accordance with this Memorandum and Order, this case may be dismissed without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have until **September 28, 2026**, to file a Second Amended Complaint in accordance with this Memorandum and Order. Failure to file a Second Amended Complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.
2. If Plaintiff decides to file a Second Amended Complaint, Plaintiff must include all of the claims he wishes to pursue against specific, named defendants in the amended complaint. Plaintiff should be mindful to explain what each defendant did to him,

when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.

3. Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that a Second Amended Complaint will replace, not supplement, his Complaint and Amended Complaint.** The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files a Second Amended Complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 28, 2026**: second amended complaint due.

5. Plaintiff's Motion for Summons, Filing No. 6, is denied without prejudice to reassertion once the Court conducts an initial review of a Second Amended Complaint if Plaintiff chooses to file one.

Dated this 28th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge